IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERRY BLANEY, ) | | |
|     ID # 1519297, ) | | |
|         Plaintiff, ) | | |
| vs. ) | No. 3:11-CV-0907-L-BH | |
| ) | | |
| JUDGE A. JOE FISH, et al, ) | Referred to U.S. Magistrate Judge | |
|     Defendants. ) | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for screening. Before the Court is Plaintiff's *Application to Proceed In Forma Pauperis*, received on April 4, 2011 (doc. 2). Based on the relevant filings and applicable law, the application should be **DENIED**, and this case should be **DISMISSED** pursuant to 28 U.S.C. § 1915(g) unless Plaintiff timely pays the requisite filing fee.

## I. BACKGROUND

On April 4, 2011, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against five federal judges of the Northern District of Texas, alleging that they stole vital evidence, forged and falsified legal documents, and stole money from his trust account as part of a conspiracy to assist a state judge named as a defendant in his prior federal habeas cases. (Compl. at 3-4).[1] He claims they removed the state judge and substituted the Texas Department of Criminal Justice as the defendant in some cases, construed two cases as a civil actions, caused $350 to be removed from his trust account, kept the filing fee, and dismissed his cases. *Id.*[2] He seeks to proceed *in forma pauperis*.

---

[1] Plaintiff filed this case in the United States District Court for the Eastern District of Texas, which transferred it to the Northern District by order dated April 29, 2011.

[2] Plaintiff also filed suit in the Eastern District against the state judges and court employees involved in his state criminal conviction, and that case has also been transferred to the Northern District. *See Blaney v. Wright, et al.*, 3:11-cv-908-P (N.D. Tex.).

## II. THREE STRIKES

As a prisoner in the Texas prison system seeking to proceed *in forma pauperis*, Plaintiff's case is subject to review under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. One of the major changes promulgated by the PLRA is the "three-strikes" provision set forth in § 1915(g). It provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Plaintiff has had at least three prisoner civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Blaney v. Texas Veterans Admin. Reg'l Office, et al.*, No. 4:08-cv-3402 (S.D. Tex. Dec. 1, 2008); *Blaney v. Judge Myers, et al.*, No. 3:08-cv-1869-P (N.D. Tex. Feb. 17,2009); *Blaney v. Chief Judge, Fifth District Court of Appeals*, No. 3:10-cv-2370-B (N.D. Tex. Dec. 16, 2010); *Blaney v. Fifth District Court of Appeals*, No. 3:10-cv-2516-B (N.D. Tex. Jan. 6, 2011); *Blaney v. Thaler*, No. 3:10-cv-2644-D (N.D. Tex., Dec. 28, 2010); *Blaney v. Judge Ovard*, No. 3:11-cv-0223-L (N.D. Tex. Feb. 24, 2011) (construing habeas petition as civil action and dismissing under section 1915A(b)).[3] He may therefore not proceed without the prepayment of fees under 28 U.S.C. § 1915(g) unless he shows that he is subject to imminent danger of serious physical injury. He has not alleged, much less shown, that he is in imminent danger.

---

[3] In this final case, Plaintiff was warned that sanctions may be imposed if he persists in seeking damages or equitable relief against the judges involved in his state criminal trial and appeal.

## III. RECOMMENDATION

Plaintiff's *Application to Proceed In Forma Pauperis* (doc. 2) should be **DENIED**, and this action should be summarily **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g) unless Plaintiff pays the $350.00 filing fee prior to acceptance of this recommendation or before a deadline otherwise established by the Court.

**SIGNED this 17th day of May, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE